JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No. SA CV 23-01951-DOC-ADS        Date:  January 26, 2024

Title: NORTH BAY CREDIT UNION v. MRB DIRECT, ET AL.

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER [25, 27]**

Before the Court are Defendants MRB Direct, Inc. ("MRB") and David Park's ("Mr. Park") (collectively, "Defendants") Motions to Dismiss (Dkts. 25, 27), or in the alternative, to Transfer to the District of Nevada. The Court finds the matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 715. Having reviewed the briefing submitted by the parties, the Court **GRANTS** Defendant's Motion to Transfer and **TRANSFERS** the case to the United States District Court of Nevada.

## I.    BACKGROUND

Plaintiff North Bay Credit Union ("Plaintiff") is a state-chartered Credit Union. Complaint ("Compl.") (Dkt. 1-2) ¶ 8. In 2017, soon after the sale of recreational marijuana became legal in California, Plaintiff began providing bank services to those in the cannabis industry. *Id.* In 2021, Plaintiff formed a company, Highergrowth, LLC, dba Greenbax Marketplace ("Greenbax") which was formed to support the banking needs of marijuana industry clients. *Id.* ¶ 9.  Defendant MRB is a software company that developed and maintained the software which operates Greenbax's online banking

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01951-DOC-ADS                                    Date: January 26, 2024

                                                                                    Page 2

platform ("Platform"). *Id.* ¶ 10. Plaintiff asserts that Defendant Park helped develop and maintain the Platform which provides services to Plaintiff's customers.  *Id*. ¶ 3. These services include but are not limited to: online access to bank accounts, deposits, withdrawals, and employee payroll. *Id.* ¶ 12.

Plaintiff contends that on July 14, 2023, Defendants manufactured a fictitious billing dispute in which they sent a letter to Plaintiff demanding $1.2 million be paid in less than two business days. *Id.* ¶ 9. Subsequently, Plaintiffs allege Defendants intentionally disabled the Platform, causing their customers' inability to access their funds, pay their bills or process payroll. *Id*. ¶ 13. According to Plaintiff, customers who sought to have their funds transferred to North Bay would be forced to wait (30) days before Defendants would fulfill their request. *Id.* ¶ 14. However, Defendant provided immediate fund access to customers who chose to move their accounts to institutions controlled by or affiliated with the Defendants. *Id.* ¶ 15. Plaintiff asserts it provided $16.4 million dollars in provisional credit to approximately 235 customers to preserve its reputation and goodwill. *Id*. ¶ 18.

### C. Procedural History

Plaintiff originally brought suit in Orange County Superior Court on August 9, 2023. Notice of Removal (Dkt. 1) at 2. On October 13, 2023, Defendant David Park, and Defendant MRB Direct, Inc. removed the action to this Court. *See id.*

On November 15, 2023, Defendants filed the instant Motions to Dismiss, or alternatively to Transfer to the United States District Court of Nevada. *See* MRB's Motion to Dismiss ("MRB Mot.") (Dkt. 25) and Park's Motion to Dismiss ("Park MTD") (Dkt. 27). Plaintiff opposed ("MRB Opp'n" and "Park Opp'n") on January 8, 2024 (Dkts. 30, 31, respectively), and Defendants replied ("MRB Reply" and "Park Reply") on January 12, 2024 (Dkts. 34, 35, respectively).

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" if such a transfer is convenient to the parties and witnesses. A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01951-DOC-ADS                              Date: January 26, 2024

                                                                             Page 3

"In the typical case not involving a forum selection clause, a district court considering a § 1404(a) motion (or a forum non conveniens motion) must evaluate both the convenience of the parties and various public-interest considerations." *Id.* at 581. The district court "weigh[s] the relevant factors and decide[s] whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* (quoting 28 U.S.C. § 1404(a)).

28 U.S.C §1391(b) governs venue in federal court.  Under §1391(b), venue is generally allowed for "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject to the action is situated."

Pursuant to 28 U.S.C. §1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Under Fed. R. Civ. P. 45(c), witnesses may be compelled to attend a trial, hearing, deposition; or produce documents, electronically stored information, or tangible things at a place "within 100 miles of where the person resides, is employed, or regularly transacts business in person."

## III.    DISCUSSION

In its Motion to Dismiss, Defendants MRB and Mr. Park argue this action should be dismissed pursuant to FRCP 12(b)(6), for failure to state a claim upon which relief may be granted. *See generally* MRB Mot., Park Mot. Mr. Park argues that Plaintiff's claim should be dismissed for lack of personal jurisdiction, as he contends he is a Nevada resident and has never resided in California. Park Mot. at 3-5. Additionally, Defendant Park argues that Plaintiff failed to serve him with the summons and complaint.  *Id.*

As the Court finds venue here inappropriate and grants Defendants' motions to transfer, the Court does not reach here the merits of Defendants' motions to dismiss for failure to state a claim or lack of personal jurisdiction.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01951-DOC-ADS                                    Date: January 26, 2024

                                                                                    Page 4

     In support of their motions to transfer venue, Defendants argue this action should be transferred to the United States District Court of Nevada, as venue is inappropriate under 28 U.S.C. §1391(b). MRB Mot. at 13; Park Mot. at 19. Defendants contend that an analysis of the transfer factors under 28 U.S.C. §1404 strongly suggest that Nevada is the appropriate venue as both defendants are Nevada residents, nearly all events giving rise to the present lawsuit occurred in Nevada, and there is a confidential proceeding concerning the same claims and parties currently ongoing in Nevada. *Id.* In opposition, Plaintiff argues that venue is proper, and transfer should be denied as a substantial part of the events or omissions giving rise to the claim occurred in California.

     The Court now considers the § 1404(a) factors in turn.

### A. Transfer under § 1404(a):

     The purpose of § 1404(a) is "to prevent the waste of time, energy, and money, and to protect ... against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). "[C]ourts have broad discretion to adjudicate [§ 1404(a) motions] 'according to an individualized, case-by-case consideration of convenience and fairness.'" *U.S. Bank, N.A. v. PHL Variable Ins. Co.*, No. 2:11-cv-9517-ODW(RZx), 2012 WL 3848630, at *1 (C.D. Cal. Sept. 4, 2012), quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The Court "considers both public factors which go to the interests of justice and private factors, which go to the convenience of the parties and witnesses," to determine whether the convenience of parties and witnesses in the interest of justice favor transfer. *Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 820 (N.D. Cal. 2008) (citing *Van Dusen*, 376 U.S. at 616).

     The private factors that a court may consider include:
> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01951-DOC-ADS                                  Date: January 26, 2024

                                                                        Page 5

*Id*. Courts may also consider public factors, including the familiarity of each forum with the governing law, any local interest in the controversy, and the relative congestion of the court and the time to trial in each forum. *See Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 843 (9th Cir. 1986). The Court analyzes these factors, and the various arguments the parties make about them, in turn.

Defendants assert that all factors governing venue, including judicial economy, indicate that the matter should be transferred to United States District Court of Nevada. MRB Mot. at 13; Park Mot. at 19. Defendants argue that Nevada courts are more suitable to adjudicate this case as there are two disputes relating to this action currently pending in Nevada, one of which is in federal court there. MRB Reply at 6. Given the ongoing litigation and other proceedings occurring in Nevada, the Court agrees with Defendants that the interest of judicial economy would be served by transferring the case to that district.

As for the remaining public interest factors, while Plaintiff argues that this Court is a more appropriate forum given its familiarity with California law, they fail to demonstrate that California law will apply to this dispute. Opp'n at 12-13. Plaintiff reasons that the majority of the customers who had their account access disabled were located in California. Defendants' actions which are the focus of this lawsuit, however, occurred in Nevada. Defendant MRB is a Nevada corporation with its principal place of business in Henderson, Nevada. Defendant David Park is a Nevada resident and has never resided in California. Plaintiff does not dispute that Defendants' actions occurred in Nevada. Indeed, Plaintiff admits that the vast majority of its contacts with Mr. Park and MRB were over Zoom, without anyone from MRB physically present in California. These facts indicate resolution of the dispute will likely require application of Nevada law, with which Nevada courts are more familiar. Therefore, this factor weighs in favor of transfer. *White Knight Yacht LLC v. Certain Lloyds at Lloyd's London*, 407 F. Supp. 3d 931, 948 (S.D. Cal. 2019). Further, while recognizing California's interest in protecting its residents and businesses, the Court agrees with Defendant that Nevada courts have at least an equal interest in hearing cases involving Nevada businesses. Opp'n at 12; Reply at 11. With respect to court congestion, although "court congestion is only a minor factor in the transfer analysis and this factor alone cannot control the overall balance of this court's decision on a motion to transfer," *Burgess v. HP, Inc.*, 2017 WL 467845, at *12 (N.D. Cal. Feb. 3, 2017), the Court finds this factor slightly favors transfer. *See Truinject Corp. v. Nestle Skin Health, S.A.*, No. 8:18-cv-01851-JLS-JDE,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**


**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01951-DOC-ADS                                    Date: January 26, 2024

                                                                              Page 6


2019 WL 1449641, at *6 (C.D. Cal. Mar. 28, 2019) (the Central District is "one of the busiest districts in the nation").

        As for the private factors, "[t]he convenience of witnesses is said to be the most important factor in passing on a transfer motion." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981). "In assessing the effect of a transfer on the convenience of witnesses, courts consider the effect of a transfer on the availability of certain witnesses, and their live testimony, at trial." *Id*.  Here, Plaintiff asserts that a majority of the customers impacted by Defendants' alleged wrongful conduct and the majority of witnesses to be called by all parties live, work, and reside in California, and therefore, Nevada is an inappropriate venue for this case to be heard. Defendant disagrees, stating that if there are California witnesses who need to be questioned in Nevada, they will be within 100 miles of their places of business or residence and subject to subpoena. Fed. R. Civ. P. Rule 45(c). Additionally, Plaintiff's contention that the majority of the relevant witnesses are located in California is speculative. Thus, the court finds the convenience of witnesses factor here is neutral. Lastly, while Plaintiff's choice of forum is entitled to deference and weighs against transfer*, Decker Coal Co.*, 805 F.2d at 842, that factor alone does not outweigh the cumulative factors in favor of transfer.

        In sum, because judicial economy and the interests of justice weigh in favor of transfer and only one of the § 1404(a) factors weighs against transfer, it is appropriate to transfer this case to the United States District of Nevada pursuant to § 1404(a).

## IV.    DISPOSITION

        For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Transfer and **TRANSFERS** this case to the United States District Court for the Central District of Nevada. The hearing scheduled for January 29, 2024 is **VACATED**.

        The Clerk shall serve this minute order on the parties.

                                                                Initials of Deputy Clerk: kdu

MINUTES FORM 11
CIVIL-GEN